UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY CHAMBERS,<br><br>Plaintiff,<br><br>v.<br><br>FAVELA, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-650-JD-JEM |

OPINION AND ORDER

Jerry Chambers, a prisoner without a lawyer, filed a complaint and asks to proceed in forma pauperis. ECF 1 and 6. He cannot proceed in forma pauperis in this case; he must pay the $405 filing fee because a prisoner may not bring a civil action or appeal in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Chambers has accumulated at least four strikes:

> (1) *Chambers v. Hyatte*, No. 3:21-cv-586-DRL-MGG (N.D. Ind. filed Aug. 9, 2021), dismissed Jan. 31, 2022, pursuant to 28 U.S.C. 1915A because the complaint did not state a claim;
>
> (2) *Chambers v. Brown*, No. 3:21-cv-647-DRL-MGG (N.D. Ind. filed Aug. 30, 2021), dismissed March 14, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim;
>
> (3) *Chambers v. Department of Correction,* No. 3:22-cv-172-RLM-MGG (N.D. Ind. filed March 3, 2022), dismissed May 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim; and

(4) *Chambers v. Holcomb*, No. 3:22-cv-191-RLM-MGG (N.D. Ind. filed Mar. 8, 2022), dismissed May 17, 2022, pursuant to 28 U.S.C. § 1915A because the complaint did not state a claim.

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Chambers sues a guard and two wardens because the guard used excessive force against him after he had a seizure in his cell when the lights were off on April 8, 2026. He says he is afraid that his life is in danger because he saw a fellow inmate burn to death; because he is receiving false conduct reports; because his cell does not have artificial lighting or electrical power; and because he has seizures. This complaint does not allege facts showing it is plausible to believe he is in imminent danger of serious physical injury. Chambers also filed a motion seeking to conduct discovery and for counsel. ECF 3 and 5. Both motions are premature.

For these reasons, the court:

(1) DENIES the motions (ECF 3, 5, and 6);

(2) ORDERS Jerry Chambers to pay the $405.00 filing fee by **September 18, 2026**; and

(3) CAUTIONS Jerry Chambers if he does not pay the filing fee by that date, this case will be dismissed without further notice.

SO ORDERED on August 31, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT